EL PUEBLO DE PUERTO RICO, demandante y recurrido, *v.*
DOMINGO APONTE SOTO, acusado y recurrente.

*Número:* O-67-445        *Resuelto:* 19 de junio de 1970

*Héctor M. Cruz Ramírez,* abogado del recurrente; *Gilberto Gier-
bolini, Procurador General, J. F. Rodríguez Rivera, Procu-
rador General Interino,* y *Peter Ortiz, Procurador General
Auxiliar,* abogados de El Pueblo.

SENTENCIA

El apelante fue convicto de infracción al Art. 137 del Código Penal y de infracción a la Sec. 5-201 de la Ley 141 de Vehículos y Tránsito.—9 L.P.R.A. sec. 871. Expedimos *certiorari* (Regla 15.1(a)) para revisar dichas convicciones.

La única prueba del Pueblo fue el testimonio del policía Orlando Laracuente. Declaró que el joven acusado había estacionado indebidamente un automóvil frente a una panadería en la Calle Post de Mayagüez; que procedió a hacer una denuncia (*ticket*) por falta administrativa; que al acercarse el joven y aceptar éste que el vehículo era suyo el testigo le pidió la licencia del mismo y aquél le enseñó una provisional que dan las casas que venden carros; que cuando el testigo terminó de hacer la denuncia y le entregó el volante el apelante le dijo que no iba a mover el carro del sitio y siguió hasta la panadería y el testigo caminó detrás de él; que insistió en que no movería el carro y se metió a la panadería y ahí el agente lo requirió para que lo acompañara al Cuartel a lo cual el acusado respondió que tampoco iría al Cuartel; que el testigo le informó que estaba arrestado y cuando el acusado se dirigió hacia el vehículo el agente lo agarró por el brazo, se le zafó y montó en el automóvil. El testigo caminó hacia el vehículo y le agarró la puerta; el acusado prendió el carro y salió. El testigo estaba pegado al vehículo y al moverse éste le dio con el lado izquierdo de la puerta y con la goma trasera y el testigo se cayó en la calle. El acusado siguió la marcha y al otro día fue arrestado en su casa.

En el expediente hay una certificación médica del Hospital Municipal de Mayagüez demostrativa de que el policía Laracuente presentaba "1.—contusión simple en tercio superior en brazo derecho. 2.—ligera abrasión en cadera derecha y pantorrilla derecha."

Con los hechos expuestos, según aparecen de la prueba del Pueblo, se radicaron denuncias contra el apelante por infrac-

ción al Art. 137 del Código Penal y por infracción a la Sec. 5-201 de la Ley Núm. 141 de Vehículos y Tránsito. La Sala de Mayagüez, en juicio de novo, halló culpable al apelante en ambos casos.

En el recurso ante nos se levanta como error que tanto el Tribunal de Distrito como el Superior carecían de competencia por tratarse de hechos que demostraban una infracción al Art. 84 del Código Penal que constituye un delito grave. No tiene razón el apelante. La denuncia según fue radicada, contiene las alegaciones propias de una infracción al Art. 137 del Código Penal que es un delito menos grave. La diferencia fundamental entre ambos delitos es que el Art. 84 requiere la existencia de amenaza o violencia para impedir a un funcionario ejecutivo que cumpla cualquier obligación de ley o que se ofrezca resistencia empleando viva fuerza o violencia. El Art. 137, por el contrario, se limita a penalizar a la persona que resistiere, demorare o entorpeciere a cualquier funcionario público en el cumplimiento de alguna de las obligaciones de su cargo. Los hechos probados demuestran una situación comprendida más bien bajo el Art. 137 que bajo el Art. 84 del Código Penal, pero aun cuando se entendiera que hubo un elemento de violencia, el que se optara por procesar al apelante por el delito menos grave fue un hecho que lo favoreció. El Tribunal de Distrito tenía competencia para conocer de esta denuncia por tratarse de un delito menos grave.

En lo que respecta a la denuncia por infracción a la Ley de Tránsito, si bien surge de los mismos hechos que dieron lugar a la denuncia por infracción al Art. 137 del Código Penal, es obvio que también se cometió una infracción a esta Ley a tenor de la prueba, según fue creída por el tribunal de instancia. Ambas convicciones pueden sostenerse.

La Sala sentenciadora impuso al apelante, un joven según el récord, ocho meses de cárcel y $50 de multa en el caso por infracción al Art. 137 del Código Penal y el máximo

de dos años de cárcel por infracción a la Sec. 5-201 de la Ley de Tránsito, con la suspensión de la licencia de conducir también por el máximo de dos años. Los hechos en el récord no justifican el rigor de estas sentencias sobre todo cuando el Procurador General concede en su argumentación que el apelante no tuvo la intención de usar violencia y fuerza contra el agente, y cuando se trata en realidad de los mismos hechos, castigables bajo estatutos distintos. Se cumplen mejor los fines de la justicia modificando dichas sentencias a una de un mes de cárcel y $500 de multa en el caso por infracción al Art. 137 del Código Penal, y a otra de $500 de multa en el caso por infracción a la Sec. 5-201 de la Ley Núm. 141 de Tránsito, o un día de cárcel por cada dólar que dejare de satisfacer, sin que la prisión subsidiaria exceda de 90 días; con la suspensión de la licencia de conducir por un término de 6 meses. Así modificadas, se confirman las sentencias condenatorias.

Así lo pronunció y manda el Tribunal y certifica el Secretario. El Juez Presidente Señor Negrón Fernández, no intervino. El Juez Asociado Señor Rigau, emitió una opinión disidente en la cual concurre el Juez Asociado Señor Torres Rigual.

(Fdo.) Joaquín Berríos

*Secretario*

—O—

Opinión disidente del Juez Asociado Señor Rigau con la cual concurre el Juez Asociado Señor Torres Rigual
San Juan, Puerto Rico, a 19 de junio de 1970

Disiento. No creo, contrario a lo que se expresa en la sentencia circulada, que se cumplan mejor los fines de la justicia rebajando la penalidad que impuso el magistrado que vio, oyó y apreció la prueba. Se trata de una persona a quien un agente del orden público le llamó la atención por

haber estacionado mal un automóvil. Dicha persona se comportó en forma contumaz y en abierta resistencia a la ley, terminando por darle con el automóvil, cuando lo puso en marcha, al agente del orden público, estropeándolo y siguiendo el apelante su marcha en dicho automóvil. Fue arrestado al día siguiente.

Creo que la sentencia representa una leniencia improcedente y que por el contrario el principio de la individualización de la pena requiere, ante los hechos del caso, que se confirme la sentencia apelada.